# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TWO JINN, INC., a California Corporation d/b/a/ ALADDIN BAIL BONDS,<br><br>                                                Plaintiff,<br><br>   vs.<br><br>GOVERNMENT PAYMENT SERVICE, INC., a Delaware corporation,<br><br>                                                Defendant. | CASE NO. 09CV2701 JLS (BLM)<br><br>**ORDER (1) GRANTING DEFENDANT'S MOTION TO DISMISS; (2) DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>(Doc. Nos. 3, 13.) |

Presently before the Court is Defendant Government Payment Service, Inc.'s ("Defendant") motion to dismiss Plaintiff Two Jinn, Inc. d/b/a Aladdin Bail Bonds ("Plaintiff") complaint in the above-captioned matter. For the reasons stated below, the Court **GRANTS** Defendant's motion to dismiss (Doc. No. 13) and **DENIES** Plaintiff's motion for preliminary injunction. (Doc. No. 3.)

## BACKGROUND

Plaintiff initiated this action on December 2, 2009, invoking this Court's jurisdiction on the basis of diversity. (Doc. No. 1.) Plaintiff is a licensed bail agent in the state of California and Defendant is a Delaware Corporation with it principal place of business in Indiana. (Complaint ¶¶ 7, 3.) Plaintiff contends that Defendant solicits and transacts bail in California, advertises its business in the Sheriffs' Association magazine throughout California, and "enter[s] into 'revenue sharing plans' related to the sale of cash bail with California county sheriff's departments." (*Id.* ¶¶ 8 - 9.) Plaintiff alleges that Defendant does so without a valid California license to solicit and

transact bail in California in violation of Cal. Ins. Code 1800, et seq and various provisions of the California Code of Regulations. (*Id.* ¶ 12, 14-17.)

Plaintiff's first cause of action is for unfair and unlawful business practices under the California Business and Professions Code §§ 17200, et seq and 17500, et seq.. (Complaint ¶¶ 18-23.) Plaintiff's second cause of action is for declaratory relief relating to the California Insurance Code and Code of Regulations. (*Id.* ¶ 24-26.) Plaintiff seeks injunctive relief, disgorgement of "ill-gotten revenues and restitution," declaratory relief "relating to the law governing the transaction of bail in California" and attorneys fees and costs. (Complaint at 7.)

On December 9, 2009, Plaintiff filed a motion for preliminary injunction. (Doc. No. 3.) GovPay filed its response to the motion for preliminary injunction on March 11, 2010 (Doc. No. 22), and Plaintiff filed its reply on March 18, 2010. The hearing on the motion set for March 25, 2010 was subsequently vacated.

On January 11, 2010, Defendant filed the present motion to dismiss, abstain, or transfer Plaintiff's complaint. (Doc. No. 13.) Plaintiff filed a response in opposition to the motion to dismiss on February 11, 2010. (Doc. No. 19.) Defendant filed its reply on February 18, 2010. (Doc. No. 21.) The hearing on the matter scheduled for February 25, 2010 was thereafter vacated and was taken under submission without oral argument. (Doc. No. 20.)

**DISCUSSION**

Defendant's motion to dismiss sets forth a "plethora of reasons" why Plaintiff's complaint should be dismissed: (1) abstention under various doctrines; (2) lack of constitutional and statutory standing; (3) lack of diversity jurisdiction; (4) failure to satisfy Rule 9's heightened pleading requirements for fraud allegations; and (5) incorrect venue. (Doc. No. 13.) In the alternative, GovPay moves for change of venue. (*Id.*) The Court finds Plaintiff lacks constitutional standing to bring this action, and thus grants Defendan's motion to dismiss on this ground.

Article III, § 2 of the United States Constitution places a case-or-controversy limitation on federal judicial authority which underpins our standing jurisprudence. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Serv., Inc.*, 528 U.S. 167, 180 (2000). "[A] plaintiff must demonstrate standing separately for each form of relief sought." *Id.* at 185. The United States Supreme Court

has set forth three requirements to establish Article III standing under the federal constitution: (1) "the plaintiff must have suffered an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not 'conjectural' or hypothetical'"; (2) "a causal connection between the injury and the conduct complained of—the injury has to be 'fairly . . . trace[able] to the challenged action of the defendant'"; and (3) "it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (internal citations omitted). "The party invoking federal jurisdiction bears the burden of establishing these elements." *Id.* Whether a party has Article III standing to bring a cause of action in federal court is a different analysis than whether the plaintiff has adequately established statutory standing under California's Unfair Competition Law ("UCL"), California Business and Professions Code §§ 17200 and 17500.

Defendant first contends that Plaintiff lacks standing to bring a cause of action under the UCL because, while couched under the UCL, the "true impetus for [Defendant's] cause of action is its allegation that [Defendant] is operating as an unlicensed bail bondsman in violation of the Insurance Code." (MTD at 12-13.)  Defendant, however, argues that enforcement of the Insurance Code is exclusively within the province of the Insurance Commissioner. (*Id.* (citing Cal. Ins. Code § 1814[1]).)  Even assuming *arguendo* that authority to enforce the Insurance Code lies exclusively with the Commissioner, this does not prevent Plaintiff's standing to bring the suit under the UCL. The UCL plainly authorizes private litigants to maintain private actions under the UCL for violations of a statute even if that statute does not itself create a private right of action. Cal. Bus. & Prof. Code § 17204; *see also Kasky v. Nike, Inc.*, 27 Cal.4th 939, 949-50 (2002); *Stevens v. Superior Court*, 75 Cal. App. 4th 594, 602-06 (1999) (holding that plaintiff may bring a claim under the UCL based on a violation of insurance licensing requirements because the statutes did not bar private enforcement).  Thus, the Court rejects this argument.

The other requirements for standing, however, must also be satisfied.  Defendant focuses

---

[1] California Insurance Code § 1814 provides: "The violation of any foregoing provision of this chapter, or any rule of the commissioner made pursuant thereto, is a public offense, punishable by a fine not exceeding ten thousand dollars ($10,000), or by imprisonment in the state prison, or in the county jail not exceeding one year, or by both such fine and imprisonment." Cal. Ins. Code § 1814.

on the argument that Plaintiff has not suffered an "injury in fact" required under Article III. (*See* MTD at 12-15; Reply at 3-6.) Plaintiff claims that it has satisfied the "injury in fact" constitutional standing requirement because "by failing to comply with the costly and onerous bail regulatory requirements and through its violations of the bail related statutes and regulations, [Defendant] has obtained a competitive advantage and diverted bail customers from law abiding bail agents, including Plaintiff, and caused Plaintiff and the other law abiding bail agents to lose the financial benefits of sales they they would have made but for [Defendant's] illegal activities." (Opp. at 12; Complaint, ¶¶ 7-23.) More specifically, Plaintiff argues that, because every bail transaction involves a detainee ready to pay a fee in exchange for release, if Defendant had not committed the alleged illegal conduct, "the vast majority of [Defendant's] bail customers would have purchased and paid for bail from properly-licensed, law-abiding bail agents such as [Plaintiff]." (Opp. at 13.) Plaintiff further alleges that the injunction Plaintiff seeks in the action would redress the injury allegedly caused. (*Id.*)

The Court finds that Plaintiff does not have constitutional standing to seek declaratory and injunctive relief pursuant to California Business and Professional Code § 17200 and § 17500. The injury in fact required for Article III standing must be "concrete and particularized and . . . actual or imminent, not 'conjectural' or hypothetical.'" *Lujan*, 504 U.S. at 561; *see also Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990). Here, Plaintiff asserts an injury in fact on the basis that "[s]ome of the diverted bail customers certainly would have purchased bail from Plaintiff and as such, Plaintiff has suffered actual, concrete and particularized financial injury as a direct result of [Defendant's] misconduct." (Opp. at 13.) This alleged "injury" is mere conjecture, and is certainly not concrete or particularized. Plaintiff has not, and likely could not, point to any potential customers who would have purchased bail from sources other than Defendant, much less Plaintiff. Plaintiff admits, in fact, that "it is conceivable that some [Defendant] customers might have found a way to post cash or property to secure their release." (*Id.*) To further draw the conclusion that these customers would have chosen the services of Plaintiff over the other various bail services is too attenuated to be "actual and particularized" or more than "conjectural."

Plaintiff cites several cases in support of its alleged standing. These cases, however,

address only statutory standing under the UCL, which requires that "a plaintiff must have 'suffered injury in fact and [have] lost money or property as a result of such unfair competition." *Aron v. U-Haul Co. of CA*, 143 Cal.App.4th 796, 802 (2006). Accordingly, the cases cited regarding statutory "injury in fact" analyses are unpersuasive as to the Court's determination regarding Article III standing sufficient to bring this action in federal court. Moreover, to the extent the state courts' analysis regarding statutory "injury in fact" is similar to the analysis regarding constitutional "injury in fact," the cases cited are unhelpful.

Plaintiff cites *Overstock.com, Inc. v. Gradient Analytics, Inc.*, 151 Cal. App. 4th 688 (2007) as example of sufficiently pled "injury in fact." (Opp. at 14). The *Overstock* court found that the plaintiff has met the requirement because it pled that the "'unlawful, unfair, or fraudulent business acts or practices' result[ed] in diminution in value of its assets and decline in its market capitalization and other vested interests." 151 Cal. App. 4th at 716. The violation of the UCL alleged in *Overstock*, however, was the defendant's "knowing and intentional dissemination of negative reports on Overstock containing false and/or misleading statement concerning Overstock . . ." *Id.* Thus, the alleged injury concerning diminution of value and other economic consequences to plaintiff is indeed less "speculative" or "conjectural" as in the present case, where there is no direct connection between Defendant's activities and Plaintiff's business. The other cases cited by Plaintiff are no more helpful. *White v. Tans Union, LLC* found sufficient standing under the UCL, but the court went on to note that the UCL only required an allegation that the plaintiffs have suffered a loss of income and that "the statute does not require that the losses in question were the product of the defendant's wrongful acquisition of the plaintiff's property." 462 F. Supp. 2d 1079, 1084 (C.D. Cal. 2006). Thus, the applicable standing requirements under the UCL are different from the requirements pertaining to constitutional standing.[2]

Accordingly, even if the Court were to utilize the statutory standing analysis to aid its

---

[2] Plaintiff also cites *E & E Co., Ltd. v. Kam Hing Enterprises, Inc.*, 2008 WL 3916256 (N.D. Cal. 2008). The court in *E & E Co.* found that the plaintiff adequately alleged injury in fact under the UCL sufficient to constitute standing. The underlying facts in *E & E Co.* are unclear, and the court's analysis as to why injury in fact is sufficiently pled by asserting that defendants' "wrongful conduct has injured Plaintiff by causing Plaintiff to lose sales and business opportunities" is conclusory and unhelpful to this Court. Furthermore, the court did not address constitutional standing which, as discussed above, is a different analysis than statutory standing under the UCL.

- 5 - 09cv2701

1  constitutional standing determination, the cases cited and the law under the UCL is inapplicable
2  and unhelpful to this Court.  The Court therefore finds that Plaintiff does not have constitutional
3  standing to bring this action.

## CONCLUSION

For the reasons stated above, Defendant's motion to dismiss **GRANTED** and the action is **DISMISSED WITHOUT PREJUDICE.**  Given this finding, Plaintiff's pending motion for preliminary injunction is also **DENIED**.

IT IS SO ORDERED.

DATED: April 1, 2010

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge